IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Daniel Dixon, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-869 |
| ) | |
| I.C. System, Inc., a Minnesota ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Daniel Dixon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Daniel Dixon ("Dixon"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to T-Mobile USA.

4. Defendant, I.C. System, Inc. ("ICS"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone and/or credit reporting to collect, or attempt to collect,

defaulted consumer debts that it did not originate. ICS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Missouri.

5. Defendant ICS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant ICS is authorized to conduct business in the State of Missouri and maintains a registered agent here, <u>see</u>, records from the Missouri Secretary of State, attached as Exhibit <u>A</u>. In fact, Defendant ICS conducts business in Missouri.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Plaintiff was unable to pay his debts, including a consumer debt he allegedly owed to T-Mobile USA. Sometime after this debt went into default, Defendant began collecting the debt from him via negative credit reporting.

8. As is his right under the FDCPA, Mr. Dixon responded to Defendant's collection attempt on October 20, 2023, with a letter disputing the debt, demanding that Defendant cease communications with him about the debt, and stating that he was not requesting proof or validation of the debt. A copy of this letter is attached as Exhibit <u>B</u>.

9. Undeterred, Defendant sent Mr. Dixon a letter, on or about November 21, 2023, "validating" the debt, and also demanding payment of the T-Mobile USA debt. The letter set forth a "Balance Due", stated that "Further collection efforts will commence unless your debt is resolved", and stating that ICS was a debt collector attempting to collect a debt. A copy of this letter, without enclosures, is attached as Exhibit <u>C</u>.

10. As a result of Defendant's continued attempt to collect the T-Mobile debt from him, after he had told ICS to cease contacting him, Mr. Dixon was forced to take an action to his detriment, by taking the time and expense of having his attorney send a letter, instructing Defendant to stop contacting him. A copy of this letter is attached as Exhibit D.

## ARTICLE III STANDING

11. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

12. To achieve those ends, §1692c of the FDCPA limits the way debt collectors may communicate with consumers. Specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

13. Defendant's continued collection actions were a direct invasion of Mr. Dixon's legally-protected right to be left alone and his right to privacy/seclusion – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021); Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021); and Denmon v. Kansas Counselors, Inc., 2023

U.S.Dist.LEXIS 40271 (W.D.Mo. 2023), reconsideration denied, Denmon v. Kan. Couns., Inc., 2023 U.S.Dist.LEXIS 195667 (W.D.Mo. Nov. 1, 2023).

14. Defendant's collection actions alarmed, confused and emotionally distressed Mr. Dixon, invaded his right to privacy/seclusion, caused him to have to retain counsel to direct ICS to leave him alone, and cost him out-of-pocket expenses.

**Violation Of § 1692c(c) Of the FDCPA --
Failure To Cease Communications/Cease Collections**

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see 15 U.S.C. § 1692c(c).

16. Here, the letter from Mr. Dixon told Defendant that he disputed the debt, and that Defendant should cease contacting him (Exhibit B). By continuing to contact Mr. Dixon regarding the debt, and by sending Mr. Dixon validation/collection letter (Exhibit C), Defendant violated § 1692c(c) of the FDCPA.

17. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Daniel Dixon, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Dixon, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Daniel Dixon, demands trial by jury.

                                    Daniel Dixon,

                                    By: s/ James R. Crump_____
                                    One of Plaintiff's Attorneys

                                    By: s/ David J. Philipps_____
                                      One of Plaintiff's Attorneys

Dated: November 30, 2023

James R. Crump    (#65514)
Ryan M. Callahan    (#62666)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Missouri 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com